IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BARBARA ANN OLIVER, ) | CIVIL ACTION NO. 9:13-0516-RMG-BM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W. COLVIN,[1] ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The Plaintiff filed the complaint in this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

Plaintiff applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI),[2] alleging disability beginning January 1, 2009 due to irritable bowel syndrome, anxiety

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Commissioner Michael J. Astrue as the Defendant in this lawsuit.

[2] Although the definition of disability is the same under both DIB and SSI; Emberlin v. Astrue, No. 06-4136, 2008 WL 565185, at * 1 n. 3 (D.S.D. Feb. 29, 2008); "[a]n applicant who cannot establish that she was disabled during the insured period for DIB may still receive SSI benefits if she can establish that she is disabled and has limited means." Sienkiewicz v. Barnhart, No. 04-1542, 2005 WL 83841, at ** 3 (7th Cir. Jan. 6, 2005). See also Splude v. Apfel, 165 F.3d 85, 87 (1st Cir.
(continued...)



and depression, sleep apnea, diabetes and high blood pressure, glaucoma, hyperthyroidism, and heart problems. (R.pp. 173, 175, 222). Plaintiff's claims were denied both initially and upon reconsideration.[3] Plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on November 9, 2011. (R.pp. 37-82). At the administrative hearing, Plaintiff amended her alleged disability onset date to September 1, 2009. (R.p. 52). The ALJ thereafter denied Plaintiff's claims in a decision issued December 2, 2011. (R.pp. 12-36). The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, thereby making the determination of the ALJ the final decision of the Commissioner. (R.pp. 1-3).

Plaintiff then filed this action in United States District Court. Plaintiff asserts that there is not substantial evidence to support the ALJ's decision, and that the decision should be reversed and remanded for further consideration, or for an outright award of benefits. The Commissioner contends that the decision to deny benefits is supported by substantial evidence, and that Plaintiff was properly found not to be disabled.

## Scope of review

Under 42 U.S.C. § 405(g), the Court's scope of review is limited to (1) whether the Commissioner's decision is supported by substantial evidence, and (2) whether the ultimate conclusions reached by the Commissioner are legally correct under controlling law. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Richardson v. Califano, 574 F.2d 802, 803 (4th Cir. 1978); Myers v. Califano, 611 F.2d 980, 982-983 (4th Cir. 1980). If the record contains substantial evidence to support the Commissioner's decision, it is the court's duty to affirm the decision. Substantial

---

[2](...continued)
1999)[Discussing the difference between DIB and SSI benefits].

[3]Plaintiff had also filed previous applications for DIB, which had also been denied. (R.p. 211).



evidence has been defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion.  It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance.  **If there is evidence to justify refusal to direct a verdict were the case before a jury, then there is "substantial evidence."** [emphasis added].

Hays, 907 F.2d at 1456 (citing Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966)).

The Court lacks the authority to substitute its own judgment for that of the Commissioner. Laws, 368 F.2d at 642.  "[T]he language of [405(g)] precludes a de novo judicial proceeding and requires that the court uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by substantial evidence." Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

**Discussion**

A review of the record shows that Plaintiff, who was forty-five (45) years old on her amended disability onset date, has an eighth grade education with past relevant work experience as a home health aid, nursery school attendant, and bus driver. (R.pp. 12, 26, 43-44, 231).  In order to be considered "disabled" within the meaning of the Social Security Act, Plaintiff must show that she has an impairment or combination of impairments which prevent her from engaging in all substantial gainful activity for which she is qualified by her age, education, experience and functional capacity, and which has lasted or could reasonably be expected to last for at least twelve (12) consecutive months. After a review of the evidence and testimony in this case, the ALJ determined that, although Plaintiff does suffer from the "severe" impairments[4] of insulin dependant diabetes mellitus, hyperthyroidism secondary to Grave's disease, irritable bowel syndrome, and recurrent headache,

---

[4] An impairment is "severe" if it significantly limits a claimant's physical or mental ability to do basic work activities. See 20 C.F.R. § 404.1521(a); Bowen v. Yuckert, 482 U.S. 137, 140-142 (1987).



3

thereby rendering her unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity (RFC) to perform a restricted range of light work,[5] and was therefore not entitled to disability benefits. (R.pp. 18, 20, 26-27).

Plaintiff asserts that in reaching this decision, the ALJ erred by finding that Plaintiff's mental impairments were non-severe, by failing to properly evaluate Plaintiff's headaches, and by performing an improper credibility analysis of Plaintiff's subjective testimony as to the extent of her pain and limitations. After careful review and consideration of the evidence and arguments presented, the undersigned is constrained to agree with the Plaintiff that the ALJ did not properly evaluate and consider the evidence relating to her mental impairments, thereby necessitating a reversal and remand of the decision for this purpose.

As noted, Plaintiff's application cited anxiety and depression as one of the bases for her disability, and in his decision the ALJ acknowledged that Plaintiff has been diagnosed with borderline personality disorder, post traumatic stress disorder, depression, and anxiety. However, the ALJ determined that Plaintiff's mental condition was a "non-severe" impairment. (R.p. 18). An impairment is non-severe if it is a slight abnormality which has only a minimal effect on a claimant and which would not be expected to interfere with the claimant's ability to work. 20 C.F.R. § 1521(a). Here, the ALJ found that Plaintiff's medically determinable mental impairments did not cause more than a minimal limitation in Plaintiff's ability to perform basic mental work activities. (R.p. 19). In making this finding, the ALJ determined that Plaintiff had no more than a mild limitation in her activities of daily living, social functioning, and concentration, persistence or pace,

---

[5]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b) (2005).



citing to various activities Plaintiff engaged in, including household chores, driving and shopping, attending church, and that she is able to handle money and keep up with television shows and movies. (R.p. 19). In making these findings, the ALJ found that there was a "complete absence of any subsequent medical records showing complaints of or treatment for" symptoms related to her mental impairments, further stated that the "medical evidence of record is devoid of any findings regarding restrictions due to [Plaintiff's mental impairments] and they have thus been determined to be a non-severe impairment", and concluded that these impairments "have not resulted in any limitations on the [Plaintiff's] ability to do basic work activities . . . .". (R.pp. 18, 23).

There is not substantial evidence in the case record to support these statements and findings. Laws, 368 F.2d 640 [Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion"]. Contrary to the ALJ's finding that the record was "devoid" of any findings regarding restrictions due to Plaintiff's mental condition, and that there was a "complete absence of any subsequent[6] medical records showing complaints of or treatment for . . . symptoms" related to her mental diagnosis, the medical record contains numerous entries and findings from medical professionals discussing Plaintiff's mental impairments, her treatment for this condition, as well as restrictions noted due to this condition.

A mental status examination conducted by Dr. Rachel Brown on March 11, 2008 found Plaintiff to have a moderately depressed mood. Plaintiff was prescribed Zoloft for her condition. (R.p. 351). On December 11, 2009, which was after Plaintiff alleges her condition had become disabling, Plaintiff's primary care physician (signature illegible) diagnosed Plaintiff with major depression, recurrent, and noted that she was being treated with Zoloft and had been

---

[6]It is unclear what the ALJ meant by the term "subsequent".



recommended for psychiatric care. (R.p. 506). While the physician in that medical report also concluded that Plaintiff's mental condition would only result in a "slight" limitation in her work related function, a subsequent mental status examination performed by Dr. Nicholas DePace on January 11, 2010 found that Plaintiff had "moderate" generalized anxiety disorder. Dr. DePace further opined that while Plaintiff's presentation was suggestive of an individual who was able to get along with others, she might have transient anxiety that could impact her ability to be as effective on her job as she had been in the past. (R.p. 511). Richardson v Perales, 402, U.S. 389, 408 (1971)[Noting importance of assessment of examining physician]. Plaintiff was still also taking Zoloft every day. (R.p. 510).

The file also contains records from Palmetto Health Richland Family Medical Center from March 18, 2010, where Plaintiff presented complaining of depression and hopelessness resulting in sleep and concentration problems as well as suicidal ideation. Plaintiff stated that her Zoloft was no longer helping. (R.pp. 577-580). Plaintiff was diagnosed by Dr. Christian Steen with a "severely depressed mood," and Dr. Steen was concerned enough about Plaintiff's condition that he indicated he was calling the hospital for an immediate outpatient evaluation. (R.pp. 581-582). Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) [assessment of an examining physician may properly be given significant weight]. Plaintiff thereafter continued to suffer from symptoms of depression over the course of the summer of 2010; see (R.pp. 676, 679, 682-684); and included in these records are the results from an examination on August 13, 2010 by Dr. Elizabeth Jo Mason, who had begun treating Plaintiff for her condition. Dr. Mason diagnosed Plaintiff with major depressive disorder, recurrent; assigned a GAF of 60;[7] increased her antidepressant dosage; and started Plaintiff on weekly

---

[7]"Clinicians use a GAF [Global Assessment of Functioning] to rate the psychological, social, and
(continued...)



supportive therapy to help with her depression and family/social discord. (R.pp. 783-785). Craig v. Chater, 76 F.3d 589-590 (4th Cir. 1996)[noting importance of treating physician opinions]. At a follow up evaluation on August 19, 2010 Plaintiff was better but was still suffering from major depressive disorder, as well as generalized anxiety disorder. (R.pp. 781-782).

On October 8, 2010, Dr. Mason had concerns sufficient to warrant her calling the Richland Springs Assessment team to have Plaintiff admitted voluntarily for evaluation. (R.p. 773). Plaintiff was thereafter admitted and remained in the hospital for five days. On admission, Plaintiff had a GAF of only 35.[8] (R.p. 699). During her hospital stay, Plaintiff was treated with antidepressants and received psychological testing, which yielded results consistent with borderline personality disorder. On her discharge, Plaintiff was instructed that should suicidal thoughts reoccur, she should consult immediately with her outpatient treatment team or report to the nearest emergency department. (R.pp. 700-701); see also (R.pp. 705-706).

Plaintiff thereafter continued to be seen at regular intervals by both Dr. Mason and her primary care physician, and continued to receive medication for her condition. By July 14, 2011 one of Plaintiff's primary care physicians (Dr. Rachel Brown) stated that she was "very concerned" about Plaintiff's depression, noting that Plaintiff was currently on a "very high [dosage] of Zoloft" but that even this dosage was helping only "moderately". Plaintiff's mental status examination reflected

---

[7](...continued)
occupational functioning of a patient." Morgan v. Commissioner of Soc. Sec. Admin., 169 F.3d 595, 597 n.1 (9th Cir. 1999). A GAF of 51 to 60 indicates that moderate symptoms are present. Perry v. Apfel, No. 99-4091, 2000 WL 1475852 at *4 (D.Kan. July 18, 2000); Matchie v. Apfel, 92 F.Supp.2d 1208, 1211 (D.Kan. 2000).

[8]"A GAF score of 31-40 indicates 'some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) or major impairment in several areas such as work or school, family relations, judgment, thinking, or mood.'" Kirves v. Callahan, No. 96-5179, 1997 WL 210813 at **2 (6th Cir. Apr. 25, 1997).

7



"positive findings", and Dr. Brown assessed her with a "moderately depressed mood". (R.p. 789). Cf. Childs v Astrue, No. 07-299, 2008 WL 686160, at * 5, n. 4 (M.D.Fla. March 10, 2008) [Noting that "moderate limitations in social functioning would appear to be of vocational significance . . ."].

While, concededly, there is also medical evidence in the record that reflects that Plaintiff did not have a severe mental condition, the medical record cited hereinabove does not support the ALJ's findings in his decision that there was a "complete absence" of medical records showing complaints of or treatment for symptoms related to Plaintiff's mental condition, or that the "medical evidence of record is devoid of any findings regarding restrictions" due to this condition, which (according to the decision) was the basis for the ALJ finding that Plaintiff's mental impairment was a non-severe impairment. Indeed, the ALJ himself cites to some of these same records, reflecting the diagnoses and treatments discussed hereinabove, in his decision. See (R.pp. 20-23). Cox v. Apfel, No. 98-7039, 1998 WL 864118 at * 3 (10th Cir. Dec. 14, 2008)[case remanded where ALJ's decision was internally inconsistent]; Dehate v. Secretary of Health and Human Servs., No. 85-1110, 1986 WL 16845 at * 1 (6th Cir. Apr. 2, 1986)[case remanded where ALJ's findings were internally inconsistent].

If the ALJ was to find that Plaintiff's mental impairment was non-severe, he was required to first explain why he rejected the medical records and evidence discussed hereinabove and how he reached the conclusion he did. Cf. Cotter v. Harris, 642 F.2d 700 (3rd Cir. 1981) [listing cases remanded because of failure to provide explanation or reason for rejecting or not addressing relevant probative evidence]; see also Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of plaintiff's treating physicians]; Morales v. Apfel, 225 F.3d 310, 317-318 (3d Cir. 2000) [ALJ must explicitly weigh the evidence and explain his rejection of the

8



medical opinion of a treating physician]; see also Tucker v. Schweiker, 689 F.2d 777, 780 (8th Cir. 1982) (quoting Gagnon v. Secretary of Health and Human Servs, 666 F.2d 662, 666 n. 8 (1st Cir. 1981) ["Even a 'mild' mental impairment may prevent [a] claimant from engaging in the full range of jobs contemplated by the exertional category for which the claimant otherwise qualifies."]. Here, the ALJ not only failed to discuss and explain why he rejected the medical opinions discussed hereinabove, he stated that there was a "complete absence" of any medical records showing complaints of or treatment for symptoms related to Plaintiff's mental condition, and that the medical evidence of record was "devoid of any findings regarding restrictions" due to this impairment. (R.pp. 18, 23). These statements and findings were clear error. Brown v. Astrue, No. 09-1520, 2010 WL 2817221, at * 3 (D.S.C. June 23, 2010), adopted by 2010 WL 2817218 (D.S.C. July 15, 2010); SSR.96-6p, 1996 WL 374180 at *1 ["Administrative law judges and the Appeals Council may not ignore [State agency medical and psychological consultants and other program physicians and psychologists] opinions and must explain the weight given to these opinions in their decisions."]; Cf. Fay v. Astrue, No. 06-1262, 2007 WL 2904071 at * * 3-5 (S.D.Ind. Aug. 22, 2011)[Remanding case where ALJ's findings regarding Plaintiff's mental abilities were inconsistent]; see also Bailey v. Barnhart, No. 01-3474, 2002 WL 1401225 at **4 (7th Cir. July 26, 2002) [case remanded where ALJ did not adequately explain her rationale for discounting the recommendations of plaintiff's treating physicians].

Therefore, this case should be reversed and remanded for consideration of Plaintiff's mental RFC consistent with the opinions of the medical providers for the relevant time period and in compliance with the applicable standards for discussing and evaluating this evidence. With respect to Plaintiff's remaining claims of error, on remand the ALJ will reconsider and re-evaluate the evidence in toto as part of the reconsideration of this claim. Hancock v. Barnhart, 206 F.Supp.2d



757, 763-764 (W.D.Va. 2002)[On remand, the ALJ's prior decision has no preclusive effect, as it is vacated and the new hearing is conducted *de novo*].

## Conclusion

Based on the foregoing, and pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the decision of the Commissioner with remand in Social Security actions under Sentence Four of 42 U.S.C. § 405(g), it is recommended that the decision of the Commissioner be **reversed**, and that this case be **remanded** to the Commissioner for a reevaluation of the evidence relating to Plaintiff's mental impairments, and for such further administrative action as may be necessary. See Shalala v. Schaefer, 113 S.Ct. 2625 (1993).

The parties are referred to the notice page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 6, 2014
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

